IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| NOE RODRIGUEZ CARRENO, | ) **MEMORANDUM DECISION** |
| --- | --- |
| | ) **GRANTING MOTION TO DISMISS** |
| Petitioner, | ) |
| | ) Case No. 2:09-CV-194 CW |
| v. | ) |
| | ) District Judge Clark Waddoups |
| STEVEN TURLEY et al., | ) |
| | ) |
| Respondents. | ) |

---

Petitioner, Noe Rodriguez Carreno, an inmate at Utah State Prison, requests habeas corpus relief.[1] Because Petitioner filed his petition past the applicable period of limitation, the Court denies him relief.

## BACKGROUND

Petitioner's state criminal convictions were entered October 27, 2003, when Petitioner was resentenced. After the Utah Court of Appeals affirmed on February 8, 2007, these convictions became final on March 12, 2007--the deadline Petitioner missed for filing a petition for writ of certiorari with the Utah Supreme Court. Petitioner filed this federal petition on March 6, 2009.

## ANALYSIS

The statute setting forth the period of limitation for federal habeas petitions reads in pertinent part:

> A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by
> a person in custody pursuant to the judgment
> of a State court. The limitation period

---

[1] *See* 28 U.S.C.S. § 2254 (2010).

> shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .[2]

The Court follows this direction by calculating the period of limitation, beginning with the date when the conviction became final, March 10, 2007. This is when the one-year period of limitation began to run.

By statute, the period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[3] Meanwhile, equitable tolling is also available but "'only in rare and exceptional circumstances.'"[4]

Because Petitioner did not file a state post-conviction-relief petition after his appeal, there is no ground for statutory tolling. The Court thus considers Petitioner's arguments regarding equitable tolling.

Petitioner excuses his failure to timely file his petition by asserting he "is a Mexican national and untrained in the legal aspects of the law." He further believes his "substantial rights" have been violated, and he claims immunity from the

---

[2] 28 *id.* § 2244(d)(1)(A).

[3] *Id.* § 2244(d)(2).

[4] *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

2

period of limitation. The latter two arguments are so utterly deficient in legal basis that they merit no further consideration by the Court. The Court moves on to address whether Petitioner's nationality and lack of legal knowledge trigger equitable tolling to save him from the period of limitation's operation.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[5] Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[6] And, Petitioner "has the burden of demonstrating that equitable tolling should apply." Against the backdrop of these general principles, the Court considers Petitioner's specific arguments.

First, Petitioner asserts that his lateness should be overlooked because he lacked legal knowledge. It is well settled, though, that "'ignorance of the law, even for an

---

[5] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

[6] *Stanley*, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson*, 232 F.3d at 808 (citation omitted)).

3

incarcerated pro se petitioner, generally does not excuse prompt filing.'"[7]

Second, Petitioner tries to justify his untimely federal petition by stating that he is a Mexican national. This cursory statement does not at all exempt Petitioner's lateness. Nationality has nothing to do with ability to diligently pursue habeas relief.

Perhaps Petitioner implies a language barrier. Assuming Spanish is his first language and he struggles with English, in a very similar situation in *Yang v. Archuleta*,[8] the Tenth Circuit rejected the petitioner's equitable-tolling argument. Discussing the "extraordinary circumstances" prong, the court observed,

> We do not doubt Yang's need for assistance in understanding the legal process. But such is common for the majority of pro se prisoners, whether or not they have English deficits. Even less surprising is the absence of written notice or law books in Yang's first language. This does not create a state imposed impediment, however, as the . . . Department of Corrections is under no duty to provide access to legal materials in a prisoner's preferred language. Indeed, Yang does not allege he can read [his preferred language]. Yang's allegations fall far short of the facts needed to demonstrate extraordinary circumstances.[9]

---

[7] *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

[8] *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (citations omitted).

[9] *Id.* at 930.

4

As to the diligent-effort prong, the court pointed out that Yang had not specifically identified "'the steps he took to diligently pursue his federal claims.'"[10] As in *Yang*, Petitioner's conclusory statements about diligently pursuing his rights "will not suffice."[11]

Of interest here, in *Yang*, the Tenth Circuit went on to note, "We have yet to confront a situation where the record has supported a petitioner's claim of a severe language impediment and diligent efforts to overcome his or her impediment. Thus, in no instance have we found a language barrier justifying equitable tolling."[12]

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances or took specific steps to "'diligently pursue his federal claims.'"[13] Petitioner thus has not established a basis for equitable tolling.

Having established that tolling does not apply here, the period of limitation ran out on March 11, 2008--almost exactly one year before the date of the filing of this petition. So, with no extraordinary circumstances deterring him from diligently

---

[10]*Id.*

[11]*Id.*

[12]*Id.* at n.9.

[13]*Id.* at 930.

5

pursuing his federal habeas claims, Petitioner inexcusably let his rights lie fallow for two years.

## CONCLUSION

Accordingly, the current petition before the Court was filed past the one-year period of limitation. And, neither statutory exceptions nor equitable tolling apply to deliver Petitioner from the period of limitation's effect.

IT IS THEREFORE ORDERED that Respondents' motion to dismiss is GRANTED. (*See* Docket Entry # 8.) This petition is denied because it is barred by the applicable period of limitation.

DATED this 12th day of March, 2010.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge